UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH RADFORD

CIVIL ACTION

VERSUS

NUMBER 11-561-JJB-SCR

RED JACKET FIREARMS, L.L.C.,
ET AL

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 31, 2013.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH RADFORD

VERSUS

RED JACKET FIREARMS, L.L.C.,
ET AL

CIVIL ACTION

NUMBER 11-561-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Involuntary Dismissal of Plaintiff Ronald Reynolds.  Record document number 45.  No opposition or other response has been filed.

Defendants Red Jacket Firearms, L.L.C., William Hayden, Red Jacket, Inc., and Red Jacket International, L.L.C., filed this motion seeking dismissal of the claims plaintiff Ronald Reynolds brought against them as a sanction for his discovery abuse and impeding their discovery efforts, and for failure to prosecute his claims.  Dismissal as a sanction is provided by Rule 37(d)(3), Fed.R.Civ.P., which incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).

An extensive review of the background of this case is not needed. According to the motion, plaintiff Reynolds failed to appear for his properly noticed deposition on October 26, 2012, and again failed to appear for a deposition noticed for November 12, 2012, without giving any reason for either failure to appear. According to the motion, and later confirmed by the Motion to

Withdraw as Counsel of Record filed by his attorneys, plaintiff Reynolds has stopped communicating with his attorneys.[1] Defendants asserted that plaintiff Reynolds no longer desires to pursue his claims against defendant Hayden, who they characterize as the plaintiff's friend.

Under Rule 37, dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 515 (5th Cir. 1985), *aff'd,* 805 F.2d 546 (5th Cir. 1986); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985). Several factors must be present before a district court may dismiss a party's case under Rule 37(b)(2)(A).  Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not an inability to comply, and is accompanied by a clear record of delay or contumacious conduct.  Dismissal is generally inappropriate where neglect is plainly attributable to an attorney rather than a blameless client.  The conduct must substantially prejudice the opposing party.  Finally, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Rule 37.  *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *F.D.I.C. v. Conner*, 20

---

[1] See record document numbers 60 and 63, Motion to Withdraw as Counsel of Record.  The motion was granted.  Record document number 64.

2

F.3d 1376, 1380-81 (5th Cir. 1994).

The record easily supports finding that plaintiff Reynolds' failures to appear for his deposition were willful and not attributable to his attorneys. Indeed, his attorneys have been cooperating with the defendants' attorney, but his failure to communicate with them has placed them in the position of no longer being able to represent him. Defendants have also shown that they have been prejudiced by plaintiff Reynolds' failure to appear for a deposition. Moreover, his failure to appear for a deposition compounds the prejudice because he also failed to respond to the defendants' written discovery requests.[2] Given the plaintiff's failure to appear for his deposition twice, and his lack of communication with his now-former attorneys, it seems very unlikely that he would appear for a deposition if given another opportunity to do so. Therefore, the sanction of dismissal is warranted.

Should plaintiff Reynolds disagree with this assessment, he may file an objection to this recommendation, and express therein his commitment to promptly (i.e. within 10 days) serve his responses to the defendants' outstanding written discovery requests and thereafter appear for his deposition. Absent a timely-filed objection and commitment, dismissal of his claims would be well-justified.

---

[2] See record document number 56-1, Memorandum in Support of Motion to Compel Discovery, p. 3, asserting that plaintiffs Lee, Curry and Reynolds never responded at all to the defendants' written discovery requests.

3

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion for Involuntary Dismissal of Plaintiff Ronald Reynolds be granted.

Baton Rouge, Louisiana, January 31, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE